IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

ROBERT BARNES #20091130120,    )
                               )
          Plaintiff,           )
                               )
     v.                        )     No. 10 C 770
                               )
THOMAS J. DART, et al.,        )
                               )
          Defendants.          )

                          MEMORANDUM ORDER

    Robert Barnes ("Barnes"), an inmate at the Cook County Department of Corrections ("DOC"), has filed two pro se documents on forms provided by this District Court's Clerk's Office: a Complaint and an In Forma Pauperis Application ("Application").[1] Because Barnes has not accompanied the Application with a printout of the transactions in his trust fund account at DOC for the months from August 1, 2009 through January 31, 2010, as required by 28 U.S.C. §1915(a)(2),[2] this Court is not in a position to act on the Application by calculating the amount of Barnes' initial payment toward the $350 filing fee that he will be required to pay in future installments. Accordingly this Court's minute clerk will apprise DOC personnel of what is needed

---

    [1] Barnes has submitted only the original of each of those documents, with no copies provided for service of process or for this Court's chambers file. If this lawsuit proceeds, this Court's minute clerk will therefore have to prepare the necessary copies, and Barnes will be required to pay for the cost of photocopying at the modest rate of $.10 per page.

    [2] All further references to Title 28's provisions will simply take the form "Section--."

for that purpose.

In the meantime this Court has engaged in the preliminary screening contemplated by Section 1915A. It has found that Barnes' allegations, accepted as true (as is required at this stage), state a viable claim against the corrections officers who were involved in the incidents about which he complains. That is not however true as to Sheriff Thomas Dart, whom Barnes has also named as a defendant, because Sheriff Dart is not suggested to have had any personal involvement in the matter.[3]

                                                                  _____
                                                                  Milton I. Shadur
                                                                  Senior United States District Judge

Date: February 8, 2010

---

[3] Sheriff Dart will not, though, be dismissed as a defendant at this time, because he may have an obligation to bear responsibility for compensatory damages that may be awarded against the correctional officers.

2